UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JAMES COLLINS, ) | CASE NO. 1:13 CV 338 |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| v. ) | |
| BENNIE KELLY, et al., ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. ) | |

On February 15, 2013, Plaintiff *pro se* James Collins, an inmate at the Grafton Correctional Camp ("GCC"), filed this civil rights action against Defendants GCC Warden Bennie Kelly, GCC Unit Manager A. Kastler, Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr, and ODRC Director of Religious Services Wanza Jackson. The Complaint makes only generalized allegations that Defendants have interfered with and conspired to interfere with the free exercise of his religion. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000)

A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

As a threshold matter, *respondeat superior* is not a proper basis for liability under § 1983. *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984). Liability of supervisors cannot be based solely on the right to control employees, or "simple awareness of employees' misconduct," *Leary,* 349 F.3d at 903; *Bellamy,* 729 F.2d at 421. Furthermore, even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), its allegations are entirely conclusory and do not set forth facts suggesting he might have a valid federal claim against these Defendants. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed under section 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: August 6, 2013